**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| ED FOGG and MARIA FOGG, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES LLC, aka Cypress Loan Servicing LLC, a Washington foreign limited liability company,<br><br>Defendant. | Civil Action No.<br><br>COMPLAINT (RESPA: WASHINGTON CONSUMER PROTECTION ACT)<br><br>JURY DEMAND |

COMES NOW the Plaintiffs Ed Fogg and Maria Fogg ("Plaintiffs") alleges as follows:

**I.    JURISDICTION**

1.    This Court has subject matter jurisdiction pursuant to RCW 2.08.010 and personal jurisdiction over these Defendant pursuant to RCW 4.28.185 and RCW 19.86.160.

**II.    PARTIES AND VENUE**

2.    Plaintiffs are husband and wife, and Plaintiffs reside in Clark County, Washington.

3.    Defendant  Rushmore Loan Management Services LLC, aka Cypress Loan Servicing LLC, is a foreign Washington limited liability company (hereinafter "Rushmore"),

COMPLAINT - 1

JORDAN RAMIS PC<br>1211 SW Fifth Avenue, 27th Floor<br>Portland, Oregon 97204<br>(503) 598-7070<br>55853-82086 4938-8209-9101.1

with its principal place of business located in the State of Texas.

4.    At all material times, Plaintiffs were and are the owners in fee simple of a parcel of real property located in Clark County, Washington, commonly known as 2250 NE 86th Avenue, Vancouver, Washington, 98664, with the abbreviated legal description as follows: "LOT 1, OF THAT CERTAIN C SHORT PLAT, BOOK 3, PAGE 673", Parcel ID #: 101402003, and more specifically described with the following legal description:

LOT 1, OR THAT CERTAIN SHORT PLAT, RECORDED IN BOOK 3 OF SHORT PLATS, PAGE 673, UNDER AUDITOR'S FILE NO 4136423, RECORDS OF CLARK COUNTY, WASHINGTON. TOGETHER WITH A PRIVATE ROAD AND UTILITY EASEMENT AS DISCLOSE ON THE FACE OF THAT PLAT, APN: 101402-003

(hereinafter, the "Property").

### III.    ADDITIONAL FACTUAL ALLEGATIONS

5.    The Promissory Note is secured in whole or in part by a Deed of Trust, recorded in the Clark County, Washington, Auditor's file as document Number 4245718, on or about November 8, 2006 (the "Deed of Trust").

6.    The Promissory Note and Deed of Trust arose under a federally related mortgage loan, as defined by 12 U.S.C. § 2601(1).

7.    Rushmore is and was at all material times:

a.    A servicer of federally related mortgage loans as defined by 12 U.S.C. § 2506(i)(2); and,

b.    A "person" within the meaning of Chapter 19.86 of the Revised Code of Washington for purposes of those statutes.

8.    Rushmore became the servicer on Plaintiffs' loan on the Property in 2019. Plaintiffs' property insurance payments were made by Rushmore as part of the escrow process, in accordance with Rushmore's loan servicer responsibilities under law from approximately 2019 through 2024, all without incident.  Such payments were made by Rushmore in the

COMPLAINT - 2

February to March time frame each year.

9. Plaintiffs filed a civil action against Rushmore in June 2024, alleging various tortious acts. Thereafter in mid-2025, Plaintiffs discovered that Rushmore has failed to pay Plaintiffs' property insurance in 2025, even though doing so is required by law under the Real Estate Settlement Procedures Act ("RESPA") and other similar governing law.

10. After learning of this issue, Plaintiffs' counsel sent no less than three qualified written requests to Rushmore, requesting proof that the property insurance had been paid in 2025. Defendant has failed to produce any proof that they have paid this insurance premium, despite being asked to do so on multiple occasions.

11. As of April 2026, Rushmore has failed to pay Plaintiffs' property hazard insurance payments for year 2026. Plaintiffs have received no indication that Rushmore intends to pay Plaintiffs' required insurance premiums for the current year, or for any future year in which Rushmore is required to do so as part of its duties under law.

12. As of the date of this Complaint, Rushmore has not paid Plaintiffs' property insurance for the Property for 2025 and 2026.

13. Jurisdiction and venue is proper in Clark County, Washington, because the subject Property is in Clark County, and Plaintiffs reside in Clark County.

## IV.    FIRST CAUSE OF ACTION

### (Washington Consumer Protection Act – RCW 19.86.020)

14. Plaintiffs reassert all preceding allegations as if fully set forth herein.

15. Defendant has committed unfair and deceptive acts or practices in the conduct of trade or commerce in violation or RCW 19.86.020, by, among other things,

 a. Failing to pay property insurance on the Property as required by Washington law and RESPA;

 b. Violating RCW 31.04.208 and RCW 31.04.290, constituting *per se* violations of the Washington CPA;

COMPLAINT - 3

JORDAN RAMIS PC
1211 SW Fifth Avenue, 27th Floor
Portland, Oregon 97204
(503) 598-7070
55853-82086 4938-8209-9101.1

c.    In the ways specified in Paragraphs 1-13 herein;

d.    And in additional ways to be proven with specificity at trial.

16.    Plaintiffs have been damaged monetarily by Defendant's unfair and deceptive acts or omissions through the loss of time away from their sources of gainful employment, constant efforts to try and ensure that the Property is covered by hazard insurance, along with costs and expenses that should be reimbursed by Defendant.  Furthermore, Plaintiffs have been required to pay for their own property hazard insurance, despite the fact that Rushmore should have paid this expense.

17.    In addition to these damages, Plaintiffs are entitled to recover all attorney fees pursuant to RCW 19.86.090, a statutorily increased damages award of up to $25,000 or an amount deemed appropriate at trial, as well as any additional relief permitted by law.

18.    Plaintiffs reserve the right to seek injunctive relief consistent with Washington law to require Rushmore to perform any and all of its responsibilities as loan servicer going forward.

## V.    SECOND CAUSE OF ACTION

### (RESPA Servicing of Mortgage Loans – 12 U.S.C. § 2605)

19.    Plaintiffs reassert all preceding allegations in Paragraphs 1-18 as if fully set forth herein.

20.    The terms of Plaintiffs' loan on this Property require to carry hazard insurance and because this loan is escrowed it is Rushmore's responsibility to ensure that the insurance premiums are paid in a timely manner, pursuant to statutes including but not limited to 12 U.S.C. § 2605(g).

21.    Rushmore has failed to pay Plaintiffs' hazard insurance premiums for 2025 and 2026, and refuses to correct this condition despite receiving multiple qualified written requests.

22.    Plaintiffs are entitled to statutory damages in the amount of at least $2,000 for each and every violation of 12 U.S.C. § 2605(e), in an amount to be determined at the time of

COMPLAINT - 4

JORDAN RAMIS PC
1211 SW Fifth Avenue, 27th Floor
Portland, Oregon 97204
(503) 598-7070
55853-82086 4938-8209-9101.1

trial.

23.    Plaintiffs have been damaged monetarily by Defendant's unfair and deceptive acts or omissions through the loss of time away from their sources of gainful employment, constant efforts to try and ensure that the Property is covered by hazard insurance, along with costs and expenses that should be reimbursed by Defendant.  Furthermore, Plaintiffs have been required to pay for their own property hazard insurance, despite the fact that Rushmore should have paid this expense.

24.    Plaintiffs are entitled to reasonable attorneys' fees, costs, and disbursements.

25.    Plaintiffs reserve the right to seek injunctive relief consistent with federal law to require Rushmore to perform any and all of its responsibilities as loan servicer going forward.

### VII.    PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.    For judgment awarding Plaintiffs damages sustained by the aforementioned causes of action including interest with all amounts to be proven at trial;

2.    For judgment awarding Plaintiffs their costs and disbursements incurred herein as allowed under statute.;

3.    For judgment awarding Plaintiffs' reasonable attorneys' fees and costs;

4.    This judgment (pursuant to RCW 4.56.110) should bear interest at the rate of twelve percent (12%) per annum from the date of entry of judgment until paid in full; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

JORDAN RAMIS PC
1211 SW Fifth Avenue, 27th Floor
Portland, Oregon 97204
(503) 598-7070
55853-82086 4938-8209-9101.1

5.    For such further and other relief as the Court deems just and equitable.

DATED this 14ᵗʰ day of April, 2026.        JORDAN RAMIS PC


                                    _____/s/ Joseph A. Rohner IV_____
                                    Joseph A. Rohner IV, WSBA #47117
                                    joseph.rohner@jordanramis.com
                                    1211 SW Fifth Avenue, 27ᵗʰ Floor
                                    Portland, Oregon 97204
                                    Phone (503) 598-7070
                                    Fax (503) 598-7373

                                    Attorneys for Plaintiffs

JORDAN RAMIS PC
1211 SW Fifth Avenue, 27ᵗʰ Floor
Portland, Oregon 97204
(503) 598-7070
55853-82086 4938-8209-9101.1